UNITED STEELWORKERS OF AMERICA, AND ITS LOCALS 4889, 5030, 5092, AND 5116, PLAINTIFFS *v.* U.S. SECRETARY OF LABOR, DEFENDANT

Court No. 91–12–00856

(Decided August 2, 1993)

*United Steelworkers of America (Mary-Win O'Brien)* for plaintiffs.

*Frank W. Hunger,* Assistant Attorney General, *David M. Cohen,* Director, Commercial Litigation Branch, Civil Division, United States Department of Justice *(Marc E. Montalbine), Annaliese Impink,* Office of the Solicitor, United States Department of Labor, of counsel, for defendant.

## OPINION

RESTANI, *Judge:* This action is before the court on the plaintiffs' motion for judgment on the agency record. Plaintiffs, United Steelworkers of America and its Locals 4889, 5030, 5092 and 5116 (collectively "USWA"), contest the decision of the Department of Labor ("Labor"), which denied trade adjustment assistance benefits to pipe mill workers separated from the United States Steel Corporation, Fairless Works, in Fairless Hills, Pennsylvania ("Fairless"). The question to be decided is whether Labor's determination is based on substantial evidence. For the reasons that follow, the determination is sustained.

### ADMINISTRATIVE PROCEEDINGS

Fairless is a steel plant that produced semi-finished slab, finished flat roll and finished pipe products. Fairless workers are separately identifiable by the product on which they work. Slab steel production and some flat roll steel production ceased in February 1991; pipe mill production was discontinued on August 8, 1991. On June 17, 1991, USWA filed a petition on behalf of Fairless employees seeking trade adjustment assistance benefits pursuant to 19 U.S.C. § 2271 (1988).

Following its investigation, Labor found that Fairless' production of semi-finished slab, flat roll and pipe products declined in 1990 compared to 1989, and in the first quarter of 1991 compared to the same period in 1990 (hereinafter "review period"). Further, the United States aggregate imports of these products generally increased during the review period. Labor concluded, however, that increased imports of slab, flat roll or pipe products "did not contribute importantly to worker separations at the firm."[1] 56 Fed. Reg. 50,949 (Oct. 9, 1991). On October 9, 1991, Labor issued a negative determination as to the workers' eligibility to apply for trade adjustment assistance. *Id.*

---

[1] To determine whether increased pipe imports contributed to the separation of pipe mill workers, Labor surveyed eight of eleven major customers Fairless listed as having significantly decreased pipe purchases during the review period. In its investigation, Labor erroneously concluded that "none of the [customers] reported increasing their purchases of imported finished pipe products during the period under investigation." Public Record, at 19, 54. The record, in fact, reveals that one customer reported a small increase in purchases of imports from the first quarter of 1990 to the first quarter of 1991.

Plaintiffs sought review of that decision. On June 2, 1992, the parties voluntarily agreed to a remand determination. On reconsideration, Labor found that Fairless customers significantly replaced slab and flat roll purchases with imports. Labor, however, concluded that imports had not significantly replaced Fairless pipe purchases and thus did not contribute importantly to the separation of the pipe mill workers.[2] On November 16, 1992, Labor reversed its negative determination as to all affected employees except those engaged in pipe production. 57 Fed. Reg. 55,282 (Nov. 24, 1992). Plaintiffs appeal Labor's negative determination as to the pipe mill workers.[3]

### STANDARD OF REVIEW

A decision by Labor to deny certification of eligibility for trade adjustment assistance benefits will be upheld if it is supported by substantial evidence in the record and otherwise in accordance with law. *Former Employees of Gen. Elec. Corp. v. Department of Labor,* 14 CIT 608, 611 (1990).

### DISCUSSION

A group of workers shall be certified as eligible to apply for trade adjustment assistance if the Secretary of Labor determines:

> (1) that a significant number or proportion of the workers in such workers' firm or an appropriate subdivision of the firm have become totally or partially separated, or are threatened to become totally or partially separated,
> (2) that sales or production, or both, of such firm or subdivision have decreased absolutely, and
> (3) that increases of imports of articles like or directly competitive with articles produced by such workers' firm or an appropriate subdivision thereof *contributed importantly* to such total or partial separation, or threat thereof, and to such decline in sales or production.

19 U.S.C. § 2272 (1988) (emphasis added). The term "contributed importantly" is defined as "a cause which is important but not necessarily more important than any other cause." 19 U.S.C. § 2272(b)(1). Congress, however, intended that "[a] cause * * * be significantly more than *de minimis* to have contributed importantly." S. Rep. No. 93–1298, 93d Cong., 2d Sess. 133, *reprinted in* 1974 U.S.C.C.A.N. 7186, 7275; *see Finkel v. Donovan,* 9 CIT 374, 382, 614 F. Supp. 1245, 1251 (1985). Further, an important aspect of the "contributed importantly" test is whether the subject company's customers shifted their purchases to im-

---

[2] On remand, Labor completed its investigation of the three customers not surveyed in the original investigation. Two customers reported no import purchases of pipe, and the remaining customer was not surveyed because it had increased its purchases of pipe products from Fairless during the review period. Thus, of the ten customers surveyed for the review period, seven customers had no purchases of imported pipe, two decreased purchases of imported pipe, and one insignificantly increased its purchases of imports.

[3] Plaintiffs do not challenge Labor's method of investigation, in this case customer surveys, only its conclusions.

ports.[4] A causal nexus must be established between the separation of workers and increased imports; thus, there must be a direct and substantial relationship between the increase in imports and the decline in sales and production. *See Retail Clerks Int'l Union v. Donovan,* 10 CIT 308, 311 (1986).

Plaintiffs argue that of the ten customers surveyed, two customers, which accounted for a significant decrease in Fairless' sales, "increased imports relatively or absolutely" from the first quarter of 1990 to the first quarter of 1991, thus contributing importantly to the separation of workers. The court will consider the evidence with regard to each customer in turn.

The record indicates that the first customer reported a small increase in import purchases from the first quarter of 1990 to the first quarter of 1991. The increased import purchases, however, accounted for only an insignificant percentage of the total decline in the customer's purchases from Fairless. Thus, imports likely did not significantly or substantially replace Fairless purchases, and it is more probable that sales were lost to domestic competitors or there was simply a reduction in the customer's overall pipe purchases. Moreover, the customer stated that the import purchases consisted of products that Fairless either did not make or could not supply. Plaintiffs contend, however, that some import purchases were products Fairless manufactured, but could not supply only because pipe production was decreasing. Nevertheless, the decline in Fairless' sales and production must be directly and substantially related to the import purchases. *See id.* The record does not support a finding that imports *significantly* replaced Fairless purchases.

The second customer, which significantly reduced purchases from Fairless, also significantly reduced import purchases during the review period. Plaintiffs contend that since the decrease in purchases from Fairless exceeded the decrease in purchases of imports, the customer "relatively" increased its purchases of imports. This fact alone, however, does not demonstrate a causal nexus between the import purchases and separation of workers. There is no indication in the record of an increased reliance on imports that directly contributed to Fairless' declining sales. Rather, the record reveals that the customer reduced its purchases of steel pipe from all sources, consequently imports did not substantially replace purchases from Fairless.

In summary, the evidence cited by plaintiffs does not support a finding that increased imports were significantly more than *de minimis* so as to contribute importantly to the separation of workers. Thus, this court finds Labor's negative determination to be supported by substantial evidence.

---

[4] Labor often employs what is known as the "dual test": Did customers reduce purchases from the subject company and increase purchases of imports? Although this court recognizes that this is "not a very sophisticated test," it is a reasonable means of ascertaining a causal link between imports and worker separations. *See Finkel,* 9 CIT at 381, 614 F. Supp. at 1250; *United Glass and Ceramic Workers v. Marshall,* 584 F.2d 398, 405–06 (D.C. Cir. 1978).

Plaintiffs additionally argue that in light of the remedial purposes of the Trade Act of 1974, Labor erred in drawing conclusions from the record "in a manner intended to deny benefits, when the evidence can also be analyzed to support a finding of eligibility." Plaintiffs' Brief, at 2. This argument is without merit. It is "not within the Court's domain either to weigh the adequate quality or quantity of the evidence for sufficiency or to reject a finding on grounds of a differing interpretation of the record." *Timken Co. v. United States,* 16 CIT 142, 788 F. Supp. 1216, 1217 (1992) (quoting *Timken Co. v. United States,* 12 CIT 955, 962, 699 F. Supp. 300, 306 (1988), *aff'd,* 894 F.2d 385 (Fed. Cir. 1990)). As there is no specific evidence of bias and as Labor's determination is supported by substantial evidence, this court declines to draw a different conclusion from the record.

## CONCLUSION

Increased imports did not contribute importantly to Fairless' decline in sales and the resultant separation of workers. The majority of Fairless' customers did not purchase any imports of steel pipe during the review period. Of the customers that did purchase imports, it was not shown that the imports significantly replaced Fairless purchases.

In light of the foregoing, this court finds that Labor's negative determination is based on substantial evidence. Plaintiffs' motion for judgment on the record is denied, and Labor's determination is sustained.